UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JEREMYE BROWN-ALLEN,

                           Plaintiff,

        - against -

THE CITY OF NEW YORK, JONATHAN TORRES,
WILLIAN PACHECOCUZCO, MATTHEW
BARLOW, PETER DELOHERY, MARK MATIAS,
and SEAN DEGNAN,

                           Defendants.
------------------------------------------------------------------X

No. 25-CV-1116

**COMPLAINT**

JURY TRIAL DEMANDED

      Plaintiff, by his attorneys, The Fu Firm PLLC, respectfully alleges, upon information and belief, as follows:

## PRELIMINARY STATEMENT

      1.     This is a civil rights action in which Plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State and City of New York.

      2.     On April 27, 2024, Plaintiff, a young Black man who was driving a recent-model Mercedes-Benz through the Bronx, was pulled over by officers from the New York City Police Department's 40th Precinct.

      3.     The officers immediately and illegally searched the car.

      4.     Plaintiff was then arrested for allegedly possessing a liquid antihistamine which is not a controlled substance.

      5.     Plaintiff was taken to the 40th Precinct. There, the officers sexually assaulted him.

      6.     The charges against Plaintiff were dismissed.

## JURISDICTION AND VENUE

7. This action arises under 42 U.S.C. §§ 1983 and 1988.

8. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343 as this action seeks redress for the violation of Plaintiffs' constitutional and civil rights.

9. Supplemental jurisdiction exists over all state law claims that are related to the federal claims pursuant to 28 U.S.C. § 1367(a).

10. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because Plaintiff's claims arose within the confines of this judicial district.

11. On or about June 17, 2024, and within ninety (90) days after the claims herein accrued, Plaintiff served on the City of New York a timely Notice of Claim under New York General Municipal Law § 50-e regarding the incident.

12. In compliance with General Municipal Law § 50-h, a hearing regarding Plaintiff's claims has been conducted.

13. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment thereof has been neglected or refused.

14. This action was commenced within one year and ninety days after the events alleged herein.

## THE PARTIES

15. Plaintiff Jeremye-Brown Allen is an individual residing in New York, New York.

16. Defendant the City of New York (the "City") is a municipal corporation duly organized and existing under the laws of the State of New York. At all relevant times, Defendant City, acting through the NYPD, was responsible for the policy, practice, supervision,

implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline, retention, and conduct of all NYPD personnel. In addition, at all relevant times, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obey the laws of the United States and the State of New York.

17. Defendant Jonathan Torres was at all relevant times a Police Officer employed by the NYPD, acting within the course of his employment and under color of state law.

18. Defendant Willian Pachecocuzco was at all relevant times a Police Officer employed by the NYPD, acting within the course of his employment and under color of state law.

19. Defendant Matthew Barlow was at all relevant times a Police Officer employed by the NYPD, acting within the course of his employment and under color of state law.

20. Defendant Peter Delohery was at all relevant times a Police Officer employed by the NYPD, acting within the course of his employment and under color of state law.

21. Defendant Mark Matias was at all relevant times a Police Officer employed by the NYPD, acting within the course of his employment and under color of state law.

22. Defendant Sean Degnan was at all relevant times a Sergeant employed by the NYPD, acting within the course of his employment and under color of state law.

## FACTUAL ALLEGATIONS

23. On the evening of April 27, 2024, Plaintiff was driving a Mercedes-Benz sport utility vehicle (SUV) in the vicinity of East 154th Street and Melrose Avenue in the Bronx.

24. The individual Defendants Torres, Pachecocuzco, Barlow, Delohery, Matias, and Degnan were in two unmarked NYPD vehicles.

25. The individual Defendants pulled Plaintiff over without reasonable suspicion or probable cause that Plaintiff had committed a crime or a traffic violation.

26. The police officers opened Plaintiff's car door and immediately forced Plaintiff out.

27. The individual Defendants then immediately searched Plaintiff's vehicle, including the center console, the glove compartment, the trunk, and other areas outside of their plain view.

28. Prior to this warrantless search, the officers did not have probable cause that the vehicle contained contraband or other evidence of a crime.

29. Plaintiff was then arrested. Defendants did not have probable cause to arrest him for any crime.

30. Plaintiff was told that he was under arrest for the possession of promethazine, *which is not a controlled substance*.

31. Plaintiff was taken to the NYPD's 40th Precinct.

32. At the precinct, Defendant Delohery thoroughly searched Plaintiff's person and clothing while the other five individual Defendants watched.

33. Delohery thoroughly patted down Plaintiff, searched him with a wand, and emptied and searched all of Plaintiff's pockets.

34. Plaintiff was then taken into a bathroom by the individual Defendants Torres, Pachecocuzco, Barlow, Delohery, Matias, and Degnan.

35. In the bathroom, the individual Defendants ripped off Plaintiff's pants.

36. The individual Defendants did not have any reasonable suspicion that Plaintiff was concealing weapons, contraband, or other evidence on his body or under his clothing such that a strip search or body cavity search was permissible.

37. At least one of the individual Defendants (upon information and belief, Defendant Torres) put a finger in Plaintiff's anus.

38. No contraband or evidence of a crime was discovered.

39. Defendants Pachecocuzco, Delohery, Barlow, and Matias then searched Plaintiff's vehicle again, causing damage to it. No contraband or evidence of a crime was discovered.

40. The next day, Plaintiff was processed and taken to Bronx central booking.

41. Plaintiff's charges were subsequently dismissed.

### FIRST CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – Unlawful Stop

42. Plaintiff repeats and realleges each and every allegation set forth above.

43. The individual Defendants deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments to be free from unreasonable searches and seizures by stopping Plaintiff without reasonable suspicion, probable cause, or any other justification.

44. The individual Defendants failed to intervene in each other's unlawful actions.

### SECOND CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – Unlawful Search

45. Plaintiff repeats and realleges each and every allegation set forth above.

46. The individual Defendants deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments to be free from unreasonable searches and seizures by searching and/or seizing Plaintiff and his belongings without reasonable suspicion, probable cause, or any other justification.

47. The individual Defendants failed to intervene in each other's unlawful actions.

### THIRD CLAIM FOR RELIEF

### 42 U.S.C. § 1983 - False Arrest

48. Plaintiff repeats and realleges each and every allegation set forth above.

49. The individual Defendants deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments to be free from unreasonable searches and seizures, by detaining, arresting, confining, causing the confinement, and/or continuing the confinement of Plaintiff without any privilege to do so.

50. Defendants lacked probable cause to arrest Plaintiff.

51. Plaintiff was conscious of his confinement and did not consent to it.

52. The individual Defendants failed to intervene in each other's unlawful actions.

## FOURTH CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – Excessive Force

53. Plaintiff repeats and realleges each and every allegation set forth above.

54. The individual Defendants deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments to be free from unreasonable searches and seizures by using force that was not objectively reasonable in light of the facts and circumstances.

55. As a result, Plaintiff suffered physical and emotional pain.

56. The individual Defendants failed to intervene in each other's unlawful actions.

## FIFTH CLAIM FOR RELIEF

### N.Y.C. Admin. Code § 8-801 *et seq.* – Unlawful Stop

57. Plaintiff repeats and realleges each and every allegation set forth above.

58. Each of the individual Defendants is a "covered individual" as defined in N.Y.C. Admin. Code § 8-801.

59. The individual Defendants deprived Plaintiff of his rights under N.Y.C. Admin. Code § 8-802 to be free from unreasonable searches and seizures by stopping Plaintiff without reasonable suspicion, probable cause, or any other justification.

60. The individual Defendants failed to intervene in each other's unlawful actions.

61. As the employer of the individual Defendants, the City is liable for their wrongful acts pursuant to N.Y.C. Admin. Code §§ 8-802 and 8-803.

### SIXTH CLAIM FOR RELIEF

### N.Y.C. Admin. Code § 8-801 *et seq*. – Unlawful Search

62. Plaintiff repeats and realleges each and every allegation set forth above.

63. Each of the individual Defendants is a "covered individual" as defined in N.Y.C. Admin. Code § 8-801.

64. The individual Defendants deprived Plaintiff of his rights under N.Y.C. Admin. Code § 8-802 to be free from unreasonable searches and seizures by searching and/or seizing Plaintiff and his belongings without reasonable suspicion, probable cause, or any other justification.

65. The individual Defendants failed to intervene in each other's unlawful actions.

66. As the employer of the individual Defendants, the City is liable for their wrongful acts pursuant to N.Y.C. Admin. Code §§ 8-802 and 8-803.

### SEVENTH CLAIM FOR RELIEF

### N.Y.C. Admin. Code § 8-801 *et seq*. – False Arrest

67. Plaintiff repeats and realleges each and every allegation set forth above.

68. Each of the individual Defendants is a "covered individual" as defined in N.Y.C. Admin. Code § 8-801.

69. The individual Defendants deprived Plaintiff of his rights under N.Y.C. Admin. Code § 8-802 to be free from unreasonable searches and seizures by detaining, arresting, confining,

causing the confinement, and/or continuing the confinement of Plaintiff without any privilege to do so.

70. Defendants lacked probable cause to arrest Plaintiff.

71. Plaintiff was conscious of his confinement and did not consent to it.

72. The individual Defendants failed to intervene in each other's unlawful actions.

73. As the employer of the individual Defendants, the City is liable for their wrongful acts pursuant to N.Y.C. Admin. Code §§ 8-802 and 8-803.

## EIGHTH CLAIM FOR RELIEF

### N.Y.C. Admin. Code § 8-801 *et seq*. – Excessive Force

74. Plaintiff repeats and realleges each and every allegation set forth above.

75. Each of the individual Defendants is a "covered individual" as defined in N.Y.C. Admin. Code § 8-801.

76. The individual Defendants deprived Plaintiff of his rights under N.Y.C. Admin. Code § 8-802 to be free from unreasonable searches and seizures by using force that was not objectively reasonable in light of the facts and circumstances.

77. As a result, Plaintiff suffered physical and emotional pain.

78. The individual Defendants failed to intervene in each other's unlawful actions.

79. As the employer of the individual Defendants, the City is liable for their wrongful acts pursuant to N.Y.C. Admin. Code §§ 8-802 and 8-803.

## NINTH CLAIM FOR RELIEF

### False Imprisonment

80. Plaintiff repeats and realleges each and every allegation set forth above.

81. The individual Defendants are liable to Plaintiff for false imprisonment in violation of the common law of the State of New York.

82. The City is liable to Plaintiff for the conduct of its employees Torres, Pachecocuzco, Barlow, Delohery, Matias, and Degnan because they were acting within the scope of their employment during the incident.

### **TENTH CLAIM FOR RELIEF**

#### **Assault**

83. Plaintiff repeats and realleges each and every allegation set forth above.

84. The individual Defendants intentionally placed Plaintiff in fear of imminent harm and/or offensive contact.

85. These Defendants' conduct was not reasonable or otherwise justified.

86. As a result, Plaintiff suffered physical and emotional pain.

87. The City is liable to Plaintiff for the conduct of its employees Torres, Pachecocuzco, Barlow, Delohery, Matias, and Degnan because they were acting within the scope of their employment during the incident.

### **ELEVENTH CLAIM FOR RELIEF**

#### **Battery**

88. Plaintiff repeats and realleges each and every allegation set forth above.

89. The individual Defendants intentionally and wrongfully made physical contact with Plaintiff without his consent.

90. These Defendants' conduct was not reasonable or otherwise justified.

91. As a result, Plaintiff suffered physical and emotional pain.

92. The City is liable to Plaintiff for the conduct of its employees Torres, Pachecocuzco, Barlow, Delohery, Matias, and Degnan because they were acting within the scope of their employment during the incident.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

a. For compensatory damages in an amount to be determined at trial;

b. For punitive damages to the extent allowable by law;

c. For costs, disbursements, and reasonable attorneys' fees under 42 U.S.C. § 1988, N.Y.C. Admin. Code § 8-805, and the inherent powers of this Court;

d. For pre- and post-judgment interest as allowed by law; and

e. For such other and further relief as this Court deems just and proper.

Dated: February 7, 2025
New York, NY

        THE FU FIRM PLLC

        By: */s/ Yan Fu*
           Yan Fu
           43 W. 43rd Street, Suite 205
           New York, NY 10036
           (212) 584-0581
           yfu@thefufirm.com
           *Counsel for Plaintiff*