

**THE CITY OF NEW YORK**
## LAW DEPARTMENT
**100 CHURCH STREET**
**NEW YORK, NY 10007**

MURIEL GOODE-TRUFANT
*Corporation Counsel*

Adam Bevelacqua
*Special Federal Litigation Division*
*212-356-2105*
*Facsimile: (212) 356-3509*
*abevelac@law.nyc.gov*

August 6, 2025

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/6/25

Honorable Lewis A. Kaplan *(by ECF)*
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Jeremye Allen-Brown v. City of New York, et al., 25-cv-1116 (LAK)

Your Honor:

 I am Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney for defendants City of New York, Jonathan Torres, Willian Pachecocuzco, Matthew Barlow, Peter Delohery, Mark Matias, and Sean Degnan in the above-referenced case.  I write in response to plaintiff's letter requesting clarification on whether this case should proceed with the § 1983 Plan Mediation pursuant to Local Civil Rule 83.10.  Dkt. 25.

 On February 10, 2025, this case was designated for participation in the Plan.  On June 25, the parties appeared virtually before the Court to discuss the case and the discovery schedule.  Dkt. 24.  On that same date, the ECF docket reflects the "100-Day Review" for the Plan and the assignment of the mediator for the required Plan mediation.  Thereafter, a mediator was assigned to this case pursuant to the Plan.  However, the parties have different recollections about what the Court stated about the Plan during the conference.  Defendants do not recall the Court "removing" this case from the Plan.  And despite the ordered discovery deadline, nothing on the ECF docket indicates that this case should be withdrawn from the Plan mediation program.  In fact, as previously stated, the docket from the day of our conference shows this case proceeding with the normal plan timeline for mediation.

 In compliance with the Court's scheduling order, the parties already have exchanged initial disclosures, documents requests and interrogatories, and notices of depositions.  The Court's scheduling order for discovery would not conflict with a mediation schedule.

 Defendants see no reason why this case should not proceed with mediation.  This case does not appear to be a complex matter, despite the allegation of a cavity search.  This case involves a

*Granted — parties shall proceed to mediation.*

*10/3/24*